Filing # 112633151 E-Filed 08/31/2020 01:37:34 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No.: 2020-018447-CA-01

VIANCA MATO,

    Plaintiff,

vs.

YACHT CONTROLLER, LLC,

    Defendant.

SU2343
10/19/2020
10:29 AM

## CIVIL ACTION SUMMONS

TO:

YACHT CONTROLLER, LLC
C/O GO BOATING LLC, REGISTERED AGENT
10600 OLD CUTLER RD
CORAL GABLES, FL 33156

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Jonathan S. Minick, Esq.
Florida Bar No. 88743
169 E. Flagler Street, Suite 1600
Miami, Florida 33131
Direct Dial: 786.441.8909

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also fie your answer with the Clerk of this Court within a reasonable period of time after service.

DATED on    9/3/2020   

Harvey Ruvin,
Clerk of Courts

Clerk of the Court,

By    160327   
Deputy Clerk



1

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.: 2020-018447-CA-01

VIANCA MATO and MONICA GARCIA,

    Plaintiffs,

vs.

YACHT CONTROLLER, LLC,

    Defendant.

## AMENDED COMPLAINT

1. Plaintiffs, VIANCA MATO ("Plaintiff Mato") and MONICA GARCIA ("Plaintiff Garcia") (Plaintiff Mato and Plaintiff Garcia shall collectively be referred to as "Plaintiffs"), bring this action against Defendant, YACHT CONTROLLER, LLC ("Defendant"), for overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 *et. seq.*

2. The amount in dispute in these proceedings exceeds the sum of $30,000.00, exclusive of interest, liquidated damages, costs and attorneys' fees.

3. During all material times, Plaintiff Mato has been an individual above the age of eighteen, a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

4. During all material times, Plaintiff Garcia has been an individual above the age of eighteen, a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

5. During all material times, Defendant conducted business within the State of Florida, and within Miami-Dade County, Florida.

6. The Defendant refused to pay Plaintiffs earned overtime throughout their employment period.

7. By failing to pay overtime wages to Plaintiffs as detailed herein, Defendant has violated the FLSA.

## JURISDICTION

8. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

9. The Defendant was at all times pertinent to this Complaint engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant operated as an organization which sells and/or markets its services and/or goods and/or materials to customers and also provides its services for goods sold and transported from across state lines, and otherwise regularly engages in interstate commerce.

10. The venue of this Court over this controversy is proper based on the claims arising in Miami-Dade County, Florida.

## PARTIES

11. At all times material hereto, Plaintiff Mato was employed by the Defendant as a "Marine Tech" to install controller systems into the boat/yacht's of Defendant's customers.

12. At all times material hereto, Plaintiff Mato was employed by the Defendant to work in its parts and shipping department.

13. Upon information and belief, the annual gross revenue of Defendant was at all times material hereto in excess of $500,000.00 per annum.

14. By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

15. All conditions precedent have been completed prior to the filing of this suit.

16. Plaintiffs have retained the law firm of Jonathan S. Minick, P.A. to represent Them and have incurred attorneys' fees and costs in bringing this action.

17. Pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION – PLAINTIFF MATO

18. Plaintiff Mato re-alleges and incorporate herein by reference all allegations contained in Paragraphs 1 through 17 above.

19. Plaintiff Mato is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

20. Plaintiff Mato is owed her overtime rate for each overtime hour she worked and was not properly paid.

21. Defendant knowingly and willfully failed to pay Plaintiff Mato at time and one half of her regular rate of pay for all hours worked in excess of forty (40) hours per week.

22. Plaintiff Mato is not exempt from the overtime provisions of the FLSA.

23. The failure of Defendant to compensate Plaintiff Mato at her given rate of pay for all hours worked is in violation of the FLSA.

24. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff Mato has suffered damages plus incurring costs and reasonable attorneys' fees.

25. As a result of Defendant's violations of the Act, Plaintiff Mato is entitled to liquidated damages.

WHEREFORE, Plaintiff Mato demands judgment against Defendant for the payment of compensation for all overtime hours at one and one-half her regular rate of pay for the hours worked by her for which she has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION – PLAINTIFF GARCIA

26. Plaintiff Garcia re-alleges and incorporate herein by reference all allegations contained in Paragraphs 1 through 17 above.

27. Plaintiff Garcia is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

28. Plaintiff Mato is owed her overtime rate for each overtime hour she worked and was not properly paid.

29. Defendant knowingly and willfully failed to pay Plaintiff Mato at time and one half of her regular rate of pay for all hours worked in excess of forty (40) hours per week.

30. Plaintiff Mato is not exempt from the overtime provisions of the FLSA.

31. The failure of Defendant to compensate Plaintiff Mato at her given rate of pay for all hours worked is in violation of the FLSA.

32. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff Mato has suffered damages plus incurring costs and reasonable attorneys' fees.

33. As a result of Defendant's violations of the Act, Plaintiff Mato is entitled to liquidated damages.

WHEREFORE, Plaintiff Mato demands judgment against Defendant for the payment of compensation for all overtime hours at one and one-half her regular rate of pay for the hours worked by her for which she has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

## DEMAND FOR JURY TRIAL

34. Plaintiffs demand trial by jury as to all issues so triable.

Dated: September 16, 2020

Respectfully submitted,

s/Jonathan S. Minick
Jonathan S. Minick, Esq.
FBN: 88743
E-mail: jminick@jsmlawpa.com
Jonathan S. Minick, P.A.
169 E. Flagler St., Suite 1600
Miami, Florida 33131
Phone: (786) 441-8909
Facsimile: (786) 523-0610
Counsel for Plaintiffs